IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CYNTHIA SWAROFF,

        Plaintiff,

vs.

NANCY A. BERRYHILL, Commissioner of Social Security,

        Defendant.

4:17CV3063

ORDER

This matter is before the Court on (a) the magistrate judge's[1] Findings And Recommendation (Filing No. 10) that this case be dismissed for failure of service and want of prosecution, (b) plaintiff Cynthia Swaroff's ("Swaroff") Objection to Findings of Magistrate (Filing No. 16), and (c) Swaroff's Motion to Enlarge Time to Serve Defendant (Filing No. 17). For the reasons stated below, the Motion to Enlarge Time is denied, the Objection is overruled, and this case is dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and for lack of prosecution.

Swaroff filed a Complaint (Filing No. 1) on May 31, 2017, challenging the denial of Social Security disability benefits. At the time of filing, Swaroff's counsel did not obtain a summons from the Clerk of Court pursuant to Federal Rules of Civil Procedure 4(b). Rule 4(m) requires service of a summons and the complaint within ninety days of the date on which the complaint is filed. No such service was made until September 25, 27, and 28, 2017.[2]

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

[2] Plaintiff does not claim that any formal request for waiver of service was made to defendant pursuant to Fed. R. Civ. P. 4(d).

On August 30, 2017, Magistrate Judge Nelson issued an Order (Filing No. 9) directing Swaroff to show cause why her case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution.

Swaroff did not respond to that show cause order. On September 19, 2017 (Filing No. 10), Magistrate Judge Nelson issued his Findings and Recommendation and recommended the matter be dismissed for failure of service and want of prosecution.

On that same day, but after the filing of the Findings and Recommendation, Swaroff filed a Motion to Enlarge Time to File Proof of Service (Filing No. 11). On that same date, Swaroff filed a document "Proof of Service" (Filing No. 12), which represented to the Court that summons were variously sent to the defendant (and other necessary entities) on September 5, 6, 7, and 8, 2017, also outside of the ninety day period for service.

On September 22, 2017, this Court denied Swaroff's motion seeking the late filing of the September 19, 2017, "Proof of Service" (Filing No. 12). In the Order, this Court noted that summons were never requested nor were they issued by the Clerk of Court. The Court also observed that Swaroff's counsel never responded to the magistrate's show cause order. Indeed, to date Swaroff has never provided any statement of cause or explanation relating to either the tardiness in service or the misrepresentation to this Court relating to earlier service.

On September 25, 2017, Swaroff filed a one-paragraph Objection to Findings of Magistrate (Filing No. 16). Again, counsel provides no explanation either for his tardiness or for having mislead the Court regarding "service" having been completed on September 5, 6, 7 and 8, 2017.[3]

---

[3]Plaintiff's counsel now admits that the prior "service was done without a summons from the Court" (Filing No. 16). On the face of the "Proofs of Service" filed

2

On September 25, 2017, Swaroff filed a Motion to Enlarge Time to Serve Defendant (Filing No. 17) and records show that summons were issued on that same date (Filing No. 18) and that those summons were returned executed on October 4, 2017 (Filing No. 19). Once again there is nothing in Swaroff's "Motion to Enlarge Time to Serve Defendant" (Filing No. 17), which provides any explanation or cause.[4]

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within ninety days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* The issue here is that Swaroff has made no such showing of good cause. The burden of proof of showing good cause is on Swaroff.

Importantly, the Court takes notice of the fact that the Complaint alleges that the Action of Appeals Council on Request for Review is dated March 16, 2016. Because any lawsuit must be filed within sixty days of mailing of the final decision by the Commissioner of Social Security, 42 U.S.C. § 405(g), the filing of this lawsuit is untimely, and therefore no prejudice to Swaroff due to dismissal is apparent.

Because of Swaroff's failure to timely effect service of this matter, the complete failure of Swaroff to establish or even attempt to establish cause for extending the deadline for service, and given the prior representation to this Court that service had been properly made,

---

on September 19, 2017 (Filing No. 12), counsel declared "under penalty of perjury" that summons was served on the Office of Program Law, U.S. Attorney Jeff Sessions, the U.S. Attorney for Nebraska and Nancy A. Berryhill.

[4]Swaroff's counsel now states that "she has previously served the Defendant and interested parties with a copy of the Complaint, but that said service was done without a summons." That is not "service" under Federal Rule of Civil Procedure 4.

IT IS ORDERED:

1. Swaroff's Motion to Enlarge Time to Serve Defendant (Filing No. 17) is denied.
2. Swaroff's Objection to Findings of Magistrate (Filing No. 16) is overruled and the Findings and Recommendation are adopted in their entirety.
3. This case is dismissed, without prejudice.

Dated this 20th day of October, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge